**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 13-4774**

———————————

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

JOHN A. BURKEY,

          Defendant - Appellant.

———————————

Appeal from the United States District Court for the Southern District of West Virginia, at Parkersburg. Thomas E. Johnston, District Judge. (6:13-cr-00106-1)

———————————

Submitted: March 27, 2014        Decided: March 31, 2014

———————————

Before MOTZ, Circuit Judge, and HAMILTON and DAVIS, Senior Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Lex A. Coleman, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. R. Booth Goodwin II, United States Attorney, Erik S. Goes, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John A. Burkey, pled guilty, pursuant to a plea agreement, to possession of a stolen firearm, in violation of 18 U.S.C. § 922(j) (2012). The district court sentenced Burkey to 100 months' imprisonment, within his properly calculated Guidelines range. On appeal, Burkey challenges the substantive reasonableness of the sentence, contending that it is greater than necessary to accomplish the goals of 18 U.S.C. § 3553(a) (2012). Finding no reversible error, we affirm.

We review the district court's sentence, "whether inside, just outside, or significantly outside the Guidelines range[,] under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). When reviewing a sentence for substantive reasonableness, we "examine[] the totality of the circumstances," and, if the sentence is within the properly-calculated Guidelines range, apply a presumption on appeal that the sentence is substantively reasonable. United States v. Mendoza-Mendoza, 597 F.3d 212, 216-17 (4th Cir. 2010). Such a presumption is rebutted only if the defendant shows "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

We conclude that Burkey has failed to overcome the appellate presumption of reasonableness afforded his sentence.

The district court reasonably concluded that Burkey's extensive criminal history warranted a sentence that would protect the public and deter Burkey from engaging in further criminal conduct. Notably, the district court did not ignore the positive changes Burkey had made in his life and declined to impose the statutory maximum sentence for that reason. To the extent Burkey argues that the district court emphasized his criminal history over other sentencing factors, we reiterate that "district courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors." United States v. Jeffery, 631 F.3d 669, 679 (4th Cir. 2011). In sum, we conclude that Burkey's within-Guidelines sentence is not greater than necessary to accomplish the goals of 18 U.S.C. § 3553(a).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED